UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ESTATE OF ANTHONY J. SUSKOVICH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-CV-0425-SEB-JMS |
| | ) | |
| ANTHEM HEALTH PLANS OF | ) | |
| VIRGINIA, INC., ANTHEM INSURANCE | ) | |
| COMPANIES, INC., ANTHEM LIFE | ) | |
| INSURANCE COMPANY, HEALTH | ) | |
| MANAGEMENT SYSTEMS, INC., | ) | |
| ONENATION BENEFIT | ) | |
| ADMINISTRATORS, INC., THE | ) | |
| WELLPOINT COMPANIES, INC., | ) | |
| WELLPOINT, INC., and its Pension and | ) | |
| Welfare Benefits Plans, and the Fiduciaries | ) | |
| and Administrators of the Plans, and | ) | |
| TRASYS, INC., | ) | |
| Defendants. | ) | |

**ENTRY GRANTING DEFENDANTS' MOTION TO DISMISS
CLAIMS AGAINST FIDUCIARIES AND ADMINISTRATORS**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint directed at all claims against the fiduciaries and administrators of the Defendants' benefits plans.[1] [Docket No. 49.] Plaintiff's June 12, 2006, amended complaint alleges that Defendants misclassified Anthony J. Suskovich ("Suskovich") as an independent

---

[1] This motion was filed by Defendants Anthem Health Plans of Virginia, Inc., Anthem Insurance Companies, Inc., Anthem Life Insurance Company, Health Management Systems, Inc., OneNation Benefit Administrators, Inc., The WellPoint Companies, Inc., WellPoint, Inc. and its Pension and Welfare Benefits Plans, and the Fiduciaries and Administrators of the Plans. Trasys, Inc. is the only Defendant named in the caption who did not participate in the filing of this motion. See Docket No. 50.

contractor instead of an employee during his employment with Trasys, Anthem Companies, Inc., Anthem, Inc., Anthem Health Plans of Virginia, Inc., and WellPoint.[2] (Amended Compl. Docket No. 43, ¶ 5.)  The Amended Complaint asserts causes of action against all Defendants, including the fiduciaries and administrators of the plans, for violations of the Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security Act of 1974 ("ERISA") and seeks a declaratory judgment as to Mr. Suskovich's status as an employee as well as common law indemnity.  See Defs.' Brief in Supp. at 2.

Defendants contend that the fiduciaries and administrators must be dismissed because the Amended Complaint contains no direct allegations against these individual parties and the causes of action which have been asserted do not apply to them.  Defs.' Brief in Supp. at 2.  Defendants are correct that the only time the "fiduciaries and administrators" are mentioned specifically as such in the Amended Complaint is in the caption of the lawsuit and in the first paragraph identifying the Defendants.  Defs.' Brief in Supp. at 3.  The individual fiduciaries and administrators are not identified by name, nor are these Defendants included in Plaintiff's definition of "employer."  (Amended Comp. ¶ 5.)  All four counts of the Amended Complaint make allegations against Defendants generally (which by definition includes "the Fiduciaries and Administrators

---

[2] On or about November 30, 2004, Anthem Companies, Inc. and Anthem, Inc. merged with WellPoint and became WellPoint, Inc.  Amended Compl. at ¶ 6.  During the course of his employment, Plaintiff contends that Suskovich worked in a WellPoint/Anthem office in Indianapolis, Indiana.  Id. at ¶ 7.

of the Plans") and thus we evaluate each claim made against Defendants to determine whether it states a claim upon which relief may be granted as to the administrators and fiduciaries of the plans.

## Discussion

**A.     Standard of Review**

Defendants' motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), seeks the dismissal of certain counts of the Amended Complaint as to these particular defendants for failure to state a claim upon which relief may be granted.  A party moving to dismiss bears a weighty burden.  It must show that the pleadings themselves fail to provide a basis for any claim for relief under any set of facts.  Ed Miniat, Inc. v. Globe Life Ins. Group Inc., 805 F.2d 732, 733, 735 (7th Cir. 1986), cert. denied, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed. 2d 676 (1987).

As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the case in which the allegations of the complaint clearly demonstrate that a plaintiff does not have a claim.  Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc., 161 F. Supp. 2d 948, 951 (S.D. Ind. 2001) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357).  In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the nonmovant.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

## B.     ERISA CLAIMS

In Count III of the Amended Complaint, Plaintiff has alleged that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") by "illegally consider[ing] Mr. Suskovich to be an independent contractor, when in fact he should have been and legally was considered an employee." Amended Complaint at ¶ 25. As a result, Defendants precluded Suskovich from receiving non-wage benefits under ERISA to which he was entitled, in violation of 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), and 1140. Defendants contend that these three ERISA provisions upon which Plaintiff has based its allegations do not support a cause of action against the fiduciaries and administrators. We now examine in turn each of Plaintiff's ERISA statutory claims to determine whether they are claims upon which relief can be obtained as to these specific defendants.

### 1.     29 U.S.C. § 1132(a)(1)(B)

In referencing § 1132(a)(1)(B), the Amended Complaint alleges: "The Estate is entitled to recover benefits due to Mr. Suskovich under the terms of his employee benefits plan, to enforce[] his rights under the terms of the plan, and clarification of his rights to future benefits under the terms of the plan." Amended Compl. ¶ 27. The cited statute provides, in pertinent part, that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . ."

Defendants contend that the Seventh Circuit interprets §1132(a)(1)(B) to permit

4

lawsuits to recover benefits only against the plan itself as an entity, and that lawsuits seeking to recover benefits under this section against a plan administrator or any other plan fiduciary require dismissal. Defs.' Brief in Supp. at 5; citing Blickenstaff v. R.R. Donnelley & Sons Co. Short-Term Dis. Plan, 2001 WL 87480, *4 (S.D. Ind. 2001) (citing Seventh Circuit law on the issue).

In response, Plaintiff maintains that this statutory provision does not limit the parties who may be sued on a claim for benefits, and in certain circumstances the Seventh Circuit has permitted suit against the employer in an ERISA benefits action. See Black v. Long Term Disability Insurance, 373 F. Supp. 2d 897, 899-900 (E.D. Wis. 2005); see also Rivera v. Network Health Plan of Wisconsin, 320 F. Supp. 2d 795, 798 - 801 (E.D. Wis. 2004); Mein v. Carus Corp., 241 F.3d 581, 584 (7th Cir. 2001) (holding that the employer/plan administrator was a proper defendant in an ERISA benefits claim where the employer and plan were closely intertwined); Riordan v. Commonwealth Edison Co., 128 F.3d 549, 551 (7th Cir. 1997) (allowing employer to be sued in an ERISA benefits action where the plan documents referred to the employer and plan interchangeably and the employer designated itself as plan agent for service of process).[3]

In Jass v. Prudential Health Care Plan, a nurse was sued under § 1132(a)(1)(B) for improperly conducting the review of a claim for benefits. 88 F.3d 1482 (7th Cir. 1996).

---

[3] In addition, Plaintiff claims that in Rush v. Prudential HMO, Inc. v. Moran, 536 U.S. 355 (2002), the Supreme Court holds that 29 U.S.C. § 1132(a)(1)(B) actions may be brought against plan administrators. However, Rush is not controlling because, as Defendants point out, the plaintiff in that case did not pursue an ERISA claim. Defs.' Reply at 6.

The Seventh Circuit affirmed the trial court's dismissal of the claim against the nurse on the grounds that the only appropriate defendant under § 1132(a)(1)(B) is the plan itself. Id. at 1490. Similarly, in Garratt v. Knowles, 245 F.3d 941 (7th Cir. 2001), a corporate CEO sued the corporation's board of directors and the individual attorneys and law firm who had advised the board in connection with amendments to the corporation's executive retirement plan. On appeal, the Seventh Circuit affirmed the district court's dismissal of the plaintiff's claims on the grounds that the CEO had the option of bringing suit against the plan itself. 245 F.3d at 949. In Blickenstaff v. R.R. Donnelley & Sons Co. Short-Term Dis. Plan, we ourselves have previously ruled: "In this circuit, 'ERISA permits suits to recover benefits only against the Plan as an entity.' . . . Therefore, suits for benefits under the terms of the plan are improper as against the plan administrator or any other plan fiduciary." 2001 WL 87480, *4 (S.D. Ind. 2001) (J. Barker), affirmed in part and vacated in part on other grounds, Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan, 378 F.3d 669 (7th Cir. 2004).

  Courts within the Seventh Circuit recognize two general exceptions to the rule that claims are to be brought against the plan: situations where the plan and the employer are closely intertwined, and situations where the plaintiff cannot readily identify the plan. Black v. Long Term Disability Ins., 373 F. Supp. 2d 897 (E.D. Wis. 2005); see also Mein v. Carus Corp., 241 F.3d 58, 585 (7th Cir. 2001) (holding that the employer is a proper defendant to an ERISA claim when the employer and the plan are "closely intertwined."); Riordan v. Commonwealth Edison Co., 128 F.3d 549 (7th Cir. 1997) (same); Rivera v.

Network Health Plan of Wisconsin, 320 F. Supp. 2d 795 (E.D. Wis 2004) (denying the insurance company's motion for summary judgment because the plan documents were missing and it was not clear whether the insurance company was the plan administrator or whether any other party was necessary for complete relief to be accorded).

Here, the Amended Complaint includes the plans – specifically the Defendants' Pension and Benefit Plans – as parties to the lawsuit. This is not a situation, therefore, where a plan entity does not exist or cannot be identified. Neither does Plaintiff allege that the employer and the plan are "closely intertwined" or that the plan documents are missing or that the identity of the plan entity is unknown. Thus, none of the cases cited by Plaintiff, or any of the limited exceptions to Jass discussed in those cases, are relevant to its § 1132(a)(1)(B) claim as it pertains to the fiduciaries and administrators. Because the Amended Complaint specifically alleges wrongdoing on the part of the plan entities, Plaintiff cannot establish that this case falls within the limited exceptions to Jass.[4] The

---

[4] In addition, Plaintiff argues that those who control the distribution of funds and have the discretion and/or authority to decide whether or not to grant employee benefits pursuant to the plan may be sued as plan administrators. In support of this position, Plaintiff cites Sheehan v. Metro Life Ins. Co., 2002 WL 1424592, *2 (S.D.N.Y. 2002) and Medical Association v. United Healthcare Corp., 2002 WL 31413668, *6 (S.D.N.Y. 2002). However, Plaintiff's reliance on these cases is misplaced because both of these cases rest on Second Circuit precedent which expressly permits suits against the plan, *or* the administrators and trustees of the plan, which is inconsistent with Seventh Circuit interpretations of § 1132(a)(1)(B). Defs.' Reply at 6; citing Jass, 88 F.3d at 1482. Our analysis obviously is controlled by Seventh Circuit precedent which negates Plaintiff's claim that it may properly sue the Senior Vice President of Human Resources, as well as any fiduciaries who, pursuant to the plan, exercise discretion, control and authority in deciding which individuals qualify for benefits as administrators of the plan. Pl.'s Resp. at 9. Thus, we need not address Defendants' argument that it would be inappropriate and unfair for this court to consider these assertions based on the alleged "Plan" which was not discussed or attached to the Amended Complaint or provided as an exhibit to Plaintiff's

(continued...)

clear precedential rulings of the Seventh Circuit therefore control, requiring that the fiduciaries and administrators of the plans must be DISMISSED from Plaintiff's § 1132(a)(1)(B) claim.

### 2. 29 U.S.C. § 1132(a)(3)

Section 1132(a)(3) provides in pertinent part that "[a] civil action may be brought . . . to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or [] to obtain other appropriate equitable relief. . . ." § 1132(a)(3). Pursuant to this provision, Plaintiff seeks an award of compensatory damages consisting of out-of-pocket medical payments and equitable relief against the plan fiduciaries based on their alleged breach of fiduciary duty.

#### a. Compensatory Damages

Defendants contend that Plaintiff's request is unfounded because § 1132(a)(3) applies only to equitable relief and not to the recovery of money damages. See Varity Corp. v. Howe, 516 U.S. 489, 509-10 (1996); Mertens v. Hewitt Assoc., 508 U.S. 248, 255 (1993) (dismissing claim on grounds that the plaintiff sought the recovery of damages which was not permitted under the section). Plaintiff responds that "[c]ourts have fashioned economic remedies for plaintiffs as restitution when unjust enrichment is involved, or in order to make the plaintiff whole." Pl.'s Resp. at 11; citing Strom v.

---

[4](...continued)
Response. See, e.g., Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996) ("a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)").

Goldman, Sachs & Co., 202 F.3d 138 (2d Cir. 1999) (plaintiff entitled to recover the sum she would have received had insurance become effective before insured's death as equitable relief within the meaning of ERISA).  Plaintiff argues that the holding in Strom, is similar to the situation here:

> Suskovich seeks to recover a sum for the direct economic harm he has suffered directly resulting from Defendants' ERISA violation.  Under Strom and pursuant to § 1132(a)(3), Suskovich is entitled to seek relief, at a minimum, in the form of compensatory damages consisting of out of pocket medical payments that would have been covered by WellPoint's benefits plans had Suskovich been classified as an employee instead of an independent contractor.

Pl.'s Resp. at 11.

In Strom, plaintiff's husband applied for life insurance from his employer.  Strom, 202 F.3d at 140.  The employer failed to forward the application to the insurer in a timely manner causing plaintiff to be deprived of benefits payments under the policy after her husband died.  Id. at 141.  The Second Circuit awarded the life insurance benefits to the plaintiff under § 1132(a)(3), analogizing the award to a "make whole" remedy, such as back pay under Title VII, and concluding that, because back pay awards under Title VII are equitable in nature, similar awards are available under ERISA.  Strom, 202 F.3d at 147-48.

The holding in Strom is not controlling in the Seventh Circuit, in part because it has been rejected by other courts, and also because subsequent decisions by the Supreme Court and Seventh Circuit have strictly interpreted ERISA's remedies to the contrary.

See e.g., Helfrich v. PNC Bank, 267 F.3d 477, 481 (6th Cir. 2001);[5] see also Ostler v. OCE-USA, Inc., 2001 WL 1191183 (N.D. Ill. 2001) (discussing the Seventh Circuit's treatment of similar issues and finding that there would not be any support for an expansion of the remedies available under ERISA).  Three years after the Strom decision by the Second Circuit, the Supreme Court held:

> 'Equitable' relief must mean something less than all relief." 508 U.S., at 258, n. 8, 113 S.Ct. 2063.  Thus, in Mertens we rejected a reading of the statute that would extend the relief obtainable under § 502(a)(3) to whatever relief a court of equity is empowered to provide in the particular case at issue (which could include legal remedies that would otherwise be beyond the scope of the equity court's authority).  Such a reading, we said, would "limit the relief not at all " and "render the modifier ['equitable'] superfluous." Id., at 257-258, 113 S.Ct. 2063. Instead, we held that the term "equitable relief" in § 502(a)(3) must refer to "those categories of relief that were typically available in equity ... ." Id., at 256, 113 S.Ct. 2063.
>
> . . . "A claim for money due and owing under a contract is 'quintessentially an action at law.'"  Wal-Mart Stores, Inc. v. Wells, 213 F.3d 398, 401 (7th Cir. 2000) (Posner, J.). "Almost invariably ... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the

---

[5] In Helfrich v. PNC Bank, plaintiff attempted to use § 1132(a)(3) to obtain compensation for losses he allegedly suffered when defendants failed to transfer assets to higher performing mutual funds.  267 F.3d 477, 481 (6th Cir. 2001).  The Sixth Circuit rejected the view that the damages were equitable in nature, holding that they constituted monetary damages which were not recoverable under § 1132(a)(3).  Id. at 482, n. 5.  The Helfrich court regarded the Strom court's rationale as unpersuasive because, unlike back pay, nonpayment of benefits does not involve a situation in which the defendant retains money that should be restored to the plaintiff.  Helfrich, 267 F. 3d at 482, n.5.

10

> defendant's breach of legal duty." Bowen v. Massachusetts, 487 U.S. 879, 918-919, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (SCALIA, J., dissenting). And "[m]oney damages are, of course, the classic form of legal relief." Mertens, supra, at 255, 113 S.Ct. 2063.

Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209-210, 122 S.Ct. 708, 712 - 713 (2002). In Northcutt v. General Motors Hourly-Rate Employees Pension Plan, the Seventh Circuit noted:

> The decisions of the [Supreme] Court repeatedly have noted the exclusivity of the judicial remedies that the ERISA enforcement scheme provides and have cautioned that we ought to be "reluctant to tamper with an enforcement scheme crafted with such evident care."

467 F.3d 1031, 1036 (7th Cir. 2006).

Given the overwhelming weight of authority limiting judicial remedies available under ERISA's enforcement scheme as well as the Supreme Court's holding that "[m]oney damages are, of course, the classic form of legal relief," (Mertens, 508 U.S. at 255), we hold here that § 1132(a)(3) is limited to equitable relief and Plaintiff's claim for compensatory damages consisting of out of pocket medical payments against the fiduciaries and administrators of the plans, pursuant to § 1132(a)(3), must accordingly be DISMISSED.

### b. Breach of Fiduciary Duty

Plaintiff next argues that, in the event the Court does not follow Strom and finds instead that Plaintiff's sole cause of action is for non-economic equitable relief pursuant to § 1132(a)(3), Plaintiff may still pursue its action against the fiduciaries of Defendants'

11

benefits plans for breach of a fiduciary duty with respect to Suskovich, and seek enforcement of Suskovich's rights, as well as clarification of his rights under the plans and "all other damages recoverable under ERISA." Pl.'s Resp. at 11-12, citing Amended Compl. at ¶ 28.

Defendants agree that § 1132(a)(3) covers claims for breach of fiduciary duty, but argue that this claim nonetheless fails because Plaintiff has not alleged that any of the Defendants were actually acting in a fiduciary capacity or that any fiduciary duties were breached with respect to Suskovich. See Response Oncology Inc. v. Metrahealth Ins. Co., 978 F. Supp. at 1042 (dismissing complaint where Plaintiff failed to allege that party was fiduciary).

To properly state an ERISA claim for breach of fiduciary duty, the complaint must allege: "(1) that the defendants are plan fiduciaries; (2) that the defendants breached their fiduciary duties; and (3) that a cognizable loss resulted." Blickenstaff, 2001 WL 87480, at *3-4, citing Herdrich v. PNC Bank, Kentucky, Inc., 267 F.3d 477 (6th Cir. 2001), 29 U.S.C. § 1104(a). ERISA defines the term "fiduciary" as follows:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C.A. § 1002(21)(A).

Plaintiff maintains that the claim by the Estate for "all other damages under ERISA" is broad enough to include all forms of equitable relief, and that it therefore should fairly be inferred from the language of the Amended Complaint that Plaintiff has asserted a breach of fiduciary duty claim against the fiduciaries and plan administrators of the benefit plans. Pl.'s Resp. at 12. Any deficiencies in the Complaint, according to Plaintiff, are due to its lack of "knowledge or information concerning the role of the fiduciaries and administrators of the WellPoint benefits plans and who was responsible at WellPoint for interpreting its plans, applying the terms of the plans and for reviewing Suskovich and other employees' [] eligibility for benefits pursuant to the terms of the plans." Pl.'s Resp. at 13.

In applying the liberal pleading standards of the Federal Rules of Civil Procedure, Rule 8(a), as we are required to do, and accepting as true all well-pleaded factual allegations contained in the complaint as well as drawing all reasonable inferences in favor of the plaintiff, it is clear that Plaintiff has still failed to state a claim upon which relief can be granted for breach of fiduciary duty. First, the complaint contains no allegations and supports no reasonable inferences to the effect that the administrators or fiduciaries of Defendant's benefit plans were, in fact, fiduciaries of the plans as defined by ERISA. No mention is made of the administrators or fiduciaries discretionary authority or discretionary control in the management or in the administration of the plans. Further, there is no indication of what role these defendants actually played in reviewing

13

the claim or in applying the plans' terms. The only relevant allegation in the Complaint is that "Defendants have illegally considered Mr. Suskovich to be an independent contractor, when in fact he should have been and legally was considered an employee." Amended Compl. ¶ 25. This falls far short of a claim that asserts that these defendant administrators or fiduciaries acted to benefit their own interests in reviewing and denying Suskovich's claim. As such, the Complaint fails for lack of the necessary pleading elements for a breach of fiduciary duty claim, and we are unable reasonably to construe such a claim from these allegations. Therefore, we GRANT Defendant's Motion to Dismiss the § 1132(a)(3) breach of fiduciary duty claim as to the administrators and fiduciaries of the plans.

### 3. 29 U.S.C. § 1140

This section of ERISA provides, in pertinent part, that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan. . . ." § 1140. To establish a prima facie case under § 1140, a plaintiff must demonstrate: 1) prohibited employer conduct; 2) taken for the purpose of interfering; 3) with the attainment of any right to which the employee may become entitled. Dewitt v. Penn-Del Directory Corp., 106 F.3d 514, 522 (3rd Cir. 1997), citing Gavalik v. Continental Can Co., 812 F.2d 834, 852 (3d Cir. 1987), cert. denied, 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987).

Defendants contend that there is no allegation in the Complaint that Suskovich was

ever discharged, fined, suspended, expelled, disciplined or discriminated against for exercising rights under the provisions of an employee benefit plan.  Defs.' Reply at 11.  Clearly, that is true: Plaintiff has not alleged any adverse employment action against Suskovich or any act of retaliation against him in response to his exercising or attempting to exercise his right to receive benefits.  Similarly, Defendants argue there is no allegation that the fiduciaries and administrators of the Plans were motivated by an intent to preclude Suskovich from receiving benefits to which he was otherwise entitled. Thus, according to Defendants, the allegations of the Amended Complaint provide an insufficient basis to sustain a claim for relief, pursuant to 29 U.S.C. § 1140.

Plaintiff rejoins that it is not required to establish a *prima facie* case in pleading a § 1140 claim.  Rather, the complaint need only place Defendants on notice of the claims asserted against them, which would establish an entitlement to relief, if found to be true.  See Fed. R. Civ. P. 8(a).  There is no requirement to plead the facts or elements of a claim, unless the claim falls within the exceptions listed in Fed. Rule of Civil Procedure 9.  See Swierkiewicz v. Sorema, 534 U.S. 506, 511 (2002); Walker v. Thompson, 288 F.3d 761, 764 (7th Cir. 2002).  Susckovich's Estate thus claims that the complaint as filed gives rise to an implied claim that "pursuant to § 1140, . . . he has been disciplined and/or discriminated against for attempting to exercise his rights under the employee benefits plans and that the fiduciaries and administrators of the plans precluded him from receiving benefits to which he was entitled."  Pl.'s Resp. at 14, citing Amended Compl. before ¶ 1 and at ¶¶ 24-28.

Federal Rule of Civil Procedure 8(a) requires that pleadings set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement of a claim must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Kyle v. Morton High School, 144 F.3d 448, 455; quoting Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit, 507 U.S. at 168, 113 S.Ct. at 1163 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (footnote and citation omitted)). The Seventh Circuit has defined "fair notice" in a complaint to:

> "'include the operative facts upon which a plaintiff bases his claim.'" Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.1992) (quoting Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 198 (7th Cir. 1985)). A plaintiff "need not plead facts; he can plead conclusions. [However,] the conclusions must provide the defendant with at least minimal notice of the claim." Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir.1995). The issue we review is whether "sufficient facts [have been] pleaded to allow the district court to understand the gravamen of the plaintiff's complaint." Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir.1996).

Kyle, 144 F.3d at 455. In Sutliff, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir.1984), the Seventh Circuit explained that the oft-invoked refrain that–

> "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" Conley, 355 U.S. at 45-46, 78 S.Ct. at 102, "has never been taken literally." Sutliff, 727 F.2d at 654. Obviously the "set of facts" has to be the plaintiff's, not a figment of someone else's imagination. The plaintiff cannot state a claim "by attaching a bare conclusion to the facts he narrates." Id.

16

Quoted by Kyle, 144 F.3d at 455.

Plaintiff's Amended Complaint simply asserts that "Defendants prevented Mr. Suskovich from receiving non-wage benefits under the ERISA, comparable to those received by a Computer/Programmer/Analyst to which he is entitled in violation of 29 U.S.C. § 1132(a)(1)(B), 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1140." Amended Compl. ¶ 26. As such, it is clearly insufficient to state a claim under § 1140. This admittedly "short, plain statement" does not provide the administrators or fiduciaries of the plan the required notice necessary to prepare their defense. To provide adequate notice, at a minimum, the Plaintiff must allege that conduct prohibited by § 1140 actually occurred. Accordingly, for these reasons, Plaintiff's ERISA claim based on § 1140 is also DISMISSED as against the administrators and fiduciaries of the plan.

**C.    FLSA, Declaratory Judgment, and Common Law Indemnification**

In addition to the ERISA claims addressed above, Plaintiff has asserted causes of action for violations of the Fair Labor Standards Act of 1938 and requests a declaratory judgment and common law indemnification against the fiduciaries and administrators. Defendants moved for dismissal of these counts as well. In response, Plaintiff states that it "agrees with Defendants" regarding these particular claims. Therefore, pursuant to their stipulation, Count I (declaratory judgment), Count II (FLSA), and Count IV (common law indemnification) are DISMISSED, with respect to the fiduciaries and administrators of the Defendants' pension and welfare benefit plans.

## Conclusion

Accordingly, Defendants' Motion to Dismiss is <u>GRANTED</u>, and the Amended Complaint is <u>DISMISSED</u> without prejudice as to the fiduciaries and administrators of Defendants' benefit plans. IT IS SO ORDERED.

Date: 04/17/2007

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Rachel Elizabeth Burke
PORTER WRIGHT MORRIS & ARTHUR LLP
rburke@porterwright.com

David Thomson Croall
PORTER WRIGHT MORRIS & ARTHUR LLP
dcroall@porterwright.com

Jane A. Dall
BAKER & DANIELS
jane.dall@bakerd.com

Michael A. Lang
DANN PECAR NEWMAN & KLEIMAN
mlang@dannpecar.com

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP
hmurphy@btlaw.com

John W. Purcell
BAKER & DANIELS
john.purcell@bakerd.com

Mark Richard Waterfill
DANN PECAR NEWMAN & KLEIMAN
mwaterfill@dannpecar.com

Paul A. Wolfla
BAKER & DANIELS
paul.wolfla@bakerd.com

Kenneth J. Yerkes
BARNES & THORNBURG LLP
ken.yerkes@btlaw.com